IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHARLES JURBALA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Civ. No. 05-738-GMS | |
| | ) | |
| DEWEY R. STOUT and STATE | ) | |
| OF DELAWARE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

Plaintiff Charles Jurbala ("Jurbala"), an inmate at the Howard R. Young Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983.  He appears *pro se* and on October 31, 2005, was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915.  (D.I. 3.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**I.      THE COMPLAINT**

Jurbala was arrested on July 13, 2004, by defendant Detective Dewey Stout ("Detective Stout").  The arrested caused a violation of Jurbala's probation and a hearing was held on September 2, 2004.  Jurbala alleges that Detective Stout gave perjured testimony at the probation revocation hearing, that he falsified police reports, and that he withheld important test results. Jurbala alleges that all of the foregoing resulted in him not receiving a fair probation revocation

hearing or a fair trial[1]. He asks for damages in the amount of $20 million.

## II.    STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal

under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A

provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and §

1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is

frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary

relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable

basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable

inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing

*Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints

are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be

dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove

no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404

U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III.    ANALYSIS

To the extent that Jurbala attempts to challenge his conviction and/or sentence, his sole

federal remedy for challenging the fact or duration of his confinement is by way of habeas

corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). A § 1983 plaintiff who seeks to recover

---

[1]Although Jurbala makes no mention of it in his complaint, the arrest resulted in Jurbala being charged and convicted in this district court with a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(l). *United States v. Jurbala*, Crim. No. 04-94-GMS (D.Del. Mar. 15, 2005). The conviction is currently on appeal in the United States Court of Appeals for the Third Circuit. *United States v. Jurbala*, No. 5-4684 (3d Cir.).

damages for an unconstitutional conviction, imprisonment, or other harm caused by actions whose unlawfulness would render the conviction or sentence unlawful, must prove that the conviction or sentence has been reversed, expunged, or declared invalid. *See Heck v. Humphrey,* 312 U.S. 477, 487 (1994); *Torres v. McLaughlin,* 163 F.3d 169, 173 (3d Cir. 1998). *Heck* is equally applicable to a probation revocation. *See Crow v. Penry,* 102 F.3d 1086 (10th Cir. 1996) (applying Heck to probation revocation proceeding); *Antonelli v. Foster,* 104 F.3d 899, 901 (7th Cir. 1997) (*Heck* applies to any suit "premised. . . on the invalidity of confinement pursuant to some legal process, whether. . . parole revocation, . . . or other"). Here, Jurbala argues that he did not receive a fair probation revocation hearing due to Detective Stout's alleged wrongdoings. He has not alleged or proven, however, that his conviction, sentence, or probation violation finding was reversed or invalidated as provided by *Heck.* Hence, the claim must be dismissed.

To the extent Jurbala seeks damages for his current incarceration his claim rests on an "inarguable legal conclusion" and is, therefore, denied as frivolous. *Neitzke,* 490 U.S. at 326.

## IV.    CONCLUSION

For the above stated reasons the court finds that the complaint is legally frivolous and that dismissal is appropriate pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading,* 532 F.2d 950, 951-52 (3d. Cir. 1976). An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

March 30, 2006
Wilmington, Delaware

3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CHARLES JURBALA,                    )
                                    )
            Plaintiff,              )
                                    )
    v.                              ) Civ. No. 05-738-GMS
                                    )
DEWEY R. STOUT and STATE            )
OF DELAWARE                         )
                                    )
            Defendants.             )

## ORDER

At Wilmington this 30th day of March, 2006, for the reasons set forth in the

Memorandum issued this date the complaint is DISMISSED without prejudice pursuant to 28

U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as legally frivolous. Amendment of the complaint

would be futile.

_____
UNITED STATES DISTRICT JUDGE